UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD FIELDS,

        Petitioner,

                                                                                                  Case No. 2:18-cv-11205

v.

                                                                                        HON. MARK A. GOLDSMITH

RANDEE REWERTS,[1]

       Respondent.

_____/

## OPINION & ORDER
## SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1)

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Ronald Fields, ("Petitioner"), is incarcerated at the Carson City Correctional Facility as a result of his Wayne Circuit Court guilty plea conviction for possession of between 50 and 449 grams of cocaine. The petition does not challenge Fields' conviction. Instead it cryptically asserts, "[The Department of Corrections] violated my due process of order to remit funds of the prisoner via the courtroom of the honorable court judge Mark T. Slavens."[2] Pet. at 6, PageID.5 (Dkt. 1). Because the petition does not challenge Petitioner's confinement, the case will be summarily dismissed.

### I. DISCUSSION

      After a petition for habeas corpus is filed the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to

---

[1] Petitioner does not name a Respondent in his petition. The proper Respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner is the warden of the facility where the petitioner is incarcerated. See Edwards Johns, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); see also Rule 2(a), 28 U.S.C. § 2254. Therefore, the Court names Warden Randee Rewerts of the Carson City Correctional Facility in the caption.

[2] Hon. Mark T. Slavens is a Judge of the Wayne Circuit Court.

2

it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

Where a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he may not bring a petition for writ of habeas corpus. See United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995); see also United States v. Mays, 67 F. App'x. 868, 869 (6th Cir. 2003) (district court lacked subject matter jurisdiction over defendant's § 2255 post-judgment motion to reduce or rescind fine levied in criminal judgment because defendant was not in custody, as required in a motion to vacate sentence or a petition for a writ of habeas corpus). Petitioner therefore cannot use this petition for writ of habeas corpus to bring what appears to be a challenge to the trial court's imposition of fees or costs resulting from his conviction because the claim does not challenge his confinement. See Frey v. Palmer, No. 10-10436, 2012 WL 1986324 at *10 (E.D. Mich. June 04, 2012); Gray v. Perry, No. 10-13340, 2010 WL 3952848 at *2 (E.D. Mich. October 7, 2010).

Accordingly, the petition is summarily dismissal.

## II. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. In order to obtain a certificate of appealability, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists

could not conclude that the Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. Allen v. Stovall, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### III. CONCLUSION

The petition for writ of habeas corpus is summarily dismissed. A certificate of appealability and permission to proceed on appeal in forma pauperis are denied.

SO ORDERED.

Dated: August 23, 2018　　　　　　　　　　　s/Mark A. Goldsmith
　　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 23, 2018.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager